United States District Court
Southern District of Texas
**ENTERED**
June 17, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JASON LYNN WHITE, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:19-CV-29 |
| | § | |
| LORIE  DAVIS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner, Jason White (#01514860), is a state prisoner incarcerated at the Connally Unit in Kenedy, TX.  (D.E. 2, Page 32).  Proceeding *pro se*, he filed this habeas corpus petition pursuant to 28 U.S.C. § 2254, challenging his May 1, 2008 Live Oak County murder with a deadly weapon conviction.  (D.E. 1 and D.E. 9-16, Pages 76-78). Pending is Respondent's Motion for Summary Judgment and Petitioner's Response. (D.E. 11 and D.E. 12).  For the reasons stated herein, it is respectfully recommended that Respondent's Motion for Summary Judgment be **GRANTED** and this action be **DISMISSED** as time barred.  (D.E. 11).  It is further recommended that a Certificate of Appealability be **DENIED**.

## I.      JURISDICTION

The Court has jurisdiction over habeas cases pursuant to 28 U.S.C. §§ 1331 and 2254.  A habeas action may be filed either in the district where petitioner is in custody or in the district in which petitioner was convicted.  28 U.S.C. § 2241(d); *Wadsworth v.*

*Johnson*, 235 F.3d 959 (5th Cir. 2000).  Petitioner was convicted by a court located in Live Oak County, Texas.  Therefore, this matter is properly before this Court.  28 U.S.C. § 124(b)(6).

## II.    BACKGROUND

On May 1, 2008, after a jury trial, Petitioner was convicted of murder with a deadly weapon and sentenced to forty years incarceration.  (D.E. 9-16, Pages 76-78). Petitioner filed a Motion for a New Trial which was denied on July 15, 2008 after an evidentiary hearing before the trial court.  (D.E. 9-16, Page 138 and D.E. 9-13).  On April 16, 2009, the Thirteenth Court of Appeals affirmed Petitioner's conviction on appeal. (D.E. 9-3).  Petitioner did not file a petition for discretionary review in the Texas Court of Criminal Appeals.  (D.E. 1, Page 3).

Over nine years later, on July 31, 2018, Petitioner filed a state habeas petition which was denied without written order on October 24, 2018.  (D.E. 9-16, Pages 24-25 and D.E. 9-14).  Petitioner then filed this federal habeas action approximately three months later on January 22, 2019.  (D.E. 1, Page 10).  Respondent asserts this action should be summarily dismissed as time barred.  (D.E. 11).

## III.   LAW AND ANALYSIS

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a one-year statute of limitations period which runs from the latest of four alternative dates:

(A)    the date on which the judgment become final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  This period is tolled during the time a petitioner seeks timely filed state post-conviction writ review.  28 U.S.C. § 2244(d)(2).  Petitioner filed his current petition after the effective date of AEDPA and so is subject to its provisions. *Lindh v. Murphy*, 521 U.S. 320 (1997).

Petitioner did not file a petition for discretionary review and therefore, his conviction became final on May 18, 2009, when the 30-day period for seeking discretionary review expired after his conviction was affirmed by the Thirteenth Court of Appeals on April 16, 2009.[1]  *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008); Tex. R. App. P. 68.2.  As such, Petitioner had one year, until May 18, 2010, to timely file a federal application for habeas corpus relief.  Petitioner's state habeas application, filed in 2018, did not toll the limitations period.  *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013) (explaining that a state habeas petition filed outside the one-year period "[does] not statutorily toll the limitation clock").  Petitioner failed to file the pending federal habeas petition until January 22, 2019, over eight years too late.  28 U.S.C. § 2244(d).

---

[1]The 30-day period ended Saturday, May 16, 2009, making Petitioner's conviction final the following Monday, May 18, 2009.

The one-year period of limitations in § 2244(d)(1) of AEDPA is not a jurisdictional bar and can be equitably tolled in rare and exceptional circumstances. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). A petitioner is entitled to equitable tolling if he shows that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citations omitted); *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013) (citing *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012) (citations omitted)). "[N]either excusable neglect nor ignorance of the law is sufficient to justify equitable tolling." *Id.*; *Sutton v. Cain*, 722 F.3d 312, 317 (5th Cir. 2013) (citing *Fierro v. Cockrell*, 294 F.3d 674, 683 (5th Cir. 2002) (It is "clear that a lack of knowledge of the law, however understandable it may be, does not ordinarily justify equitable tolling.") (citation omitted). Nor does unfamiliarity with the legal process (whether the unfamiliarity is due to illiteracy or any other reason) or lack of representation during the applicable filing period merit equitable tolling. *Turner v. Johnson*, 177 F.3d 390, 393 (5th Cir. 1999) (citation omitted).

In his petition and response, Petitioner asserts his claims are based on newly presented evidence. (D.E. 1, Page 6 and D.E. 12, Pages 1-2). Specifically, Petitioner argues the May 29, 2008 affidavit from forensic reconstruction expert Max Scott is new evidence which contradicts the evidence presented at trial related to his claim of self-defense. (D.E. 1, Page 9 and D.E. 2, Pages 8-12). Petitioner's evidence is not new. Petitioner relied on the same affidavit in 2008 while seeking direct review. (D.E. 9-16, Pages 83 and 123-28). Petitioner contends the absence of this expert testimony evidence

from his trial and the failure of the state court to establish findings of fact while considering his state habeas claim entitle his federal petition to equitable tolling. (D.E. 12). Petitioner failed to diligently pursue his rights as required to receive equitable tolling. Petitioner has not provided any sufficient evidence as to why he waited over eight years after his conviction became final to file his state habeas petition despite the availability of the evidence central to his claim. Additionally, ignorance of the law, lack of representation, or his incarceration do not otherwise excuse his failure to file a timely petition and are not grounds for equitable tolling. *Turner*, 177 F.3d at 393; *Griffin v. Dretke*, No. Civ. A. H-05-1959, 2005 WL 2850255, at *2 (S.D. Tex. Oct. 31, 2005) (citations omitted).

In short, Petitioner fails to allege sufficient "extraordinary circumstances" that prevented him from timely filing his claim. Petitioner did not diligently pursue his rights, delaying over eight years past the deadline to pursue his federal habeas remedy. Additionally, Petitioner's claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. Lastly, Petitioner's claim is based upon evidence that was available to him during the limitations period. Without a basis for equitable or statutory tolling, Petitioner's writ should be dismissed as time barred.

Petitioner also asserts his actual innocence presents extraordinary circumstances which warrant an equitable exception to the limitations period. (D.E. 2, Page 4 and D.E. 12, Page 2). Petitioner fails to meet the actual innocence standard. "A claim of actual innocence, standing alone, is not a 'rare and exceptional circumstance' that warrants

equitable tolling of the statute of limitations 'given that many prisoners maintain they are innocent.'" *Jones v. Quarterman*, CIVA H-08-3212, 2009 WL 5216873, at *3–4 (S.D. Tex. Dec. 29, 2009) (citing *Felder v. Johnson,* 204 F.3d 168, 171 (5th Cir.2000) (other citations omitted).  However, the Supreme Court has held a plea of actual innocence may serve as a gateway exception through which a petitioner may avoid procedural bars or the expiration of the statute of limitations.  *McQuiggins v. Perkins*, 133 S.Ct. 1924, 1928 (2013) (citation omitted).  The Supreme Court made it clear, however, that "tenable actual-innocence gateway pleas are rare" and "a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id*. (citation omitted).

Petitioner fails to cite to sufficient newly discovered evidence in his petition or response showing he satisfies the demanding actual innocence standard.  Petitioner's evidence is not new under the actual innocence standard as defined by the Fifth Circuit if it "was always within the reach of...reasonable investigation." *Hancock v. Davis*, 906 F.3d 387, 390 (5th Cir. 2018) (citation omitted).  During Petitioner's direct appeal in 2008, Max Scott testified he was unaware of any obstacle that prevented the discovery of the evidence in his affidavit before trial.  (D.E. 9-13, Pages 86-88).  Alternatively, even if the Court were to consider Max Scott's affidavit as new, the evidence would not prevent a reasonable juror from voting to find Petitioner guilty beyond a reasonable doubt.  In affirming Petitioner's conviction, the Thirteenth Court of Appeals provided multiple reasons the jury may have reached a guilty verdict which are not directly contradicted or

rendered unreasonable by Scott's affidavit. (D.E. 9-2, Page 11). Therefore, it is respectfully recommended that Petitioner fails to meet the actual innocence standard.

## IV.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Court of Appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court nonetheless address whether he would be entitled to a certificate of appealability ("COA"). A district court ruling on a petitioner's relief may *sua sponte* rule on a COA because it "is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just rule on would be repetitious." *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). As to claims the Court rejects solely on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As to claims the Court rejects solely on procedural grounds, the Petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. (emphasis added).

In Petitioner's case, it is recommended that his claims be dismissed on procedural grounds.  Reasonable jurists would not find that Petitioner has stated a valid claim of denial of a constitutional right, or that the assessment of limitations in this case is debatable.  If the District Judge orders that Petitioner's habeas petition be denied and Petitioner seeks a COA in order to proceed with his case, it is further recommended that the COA be denied because he has not made the necessary showing for issuance.

## V.     RECOMMENDATION

For the reasons stated herein, it is respectfully recommended that Respondent's Motion for Summary Judgment be **GRANTED** and this action be **DISMISSED** as time barred.  (D.E. 11).  It is further recommended that a Certificate of Appealability be **DENIED**.

ORDERED this 17th day of June, 2019.

Jason B. Libby
United States Magistrate Judge

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).